[Civ. No. 25762. Second Dist., Div. One. May 22, 1962.]

FLORENCE I. LETTENMAIER, Plaintiff and Appellant, v. MARVIN L. LETTENMAIER, Defendant and Respondent.

White & Oberhansley and David W. Fleming for Plaintiff and Appellant.

Henry S. Rupp for Defendant and Respondent.

WOOD, P. J.—Appeal by plaintiff from an order granting a motion to quash service of summons in a divorce action.

The action was commenced on August 10, 1960, and summons was issued. On August 18 one of plaintiff's attorneys went to the office of defendant's employer in Vernon, California, and gave copies of the summons and complaint to Mrs. Keller, a secretary. On the same day, she gave the copies to defendant. About two hours thereafter, he returned the copies to her and she gave them to a sales-manager of defendant's employer. About August 21 defendant left California. On August 22 the salesmanager mailed the copies to plaintiff's attorneys with a letter in which he stated: ". . . the attached summons was left with my secretary by a party who did not leave his name. Mr. Lettenmaier [defendant] is not connected with the Los Angeles Zone and is not here."

On November 1, 1960, plaintiff's attorneys returned the summons to the court clerk. The declaration of service on the back of the summons was signed by the attorney who had given the copies of the summons and complaint to the secretary, and he declared therein that: ". . . he personally served the within Summons on the hereinafter named defendants, by delivering to and leaving with each of the defendants personally, in the County of Los Angeles, . . . State of California . . ., at the address and time set opposite their names,

a copy of said Summons attached to a copy of the Complaint referred to in said Summons.

| Name of Defendant Served | City and Street Address | Date of Service |
|---|---|---|
| Marvin L. Lettenmaier and Louise Keller, authorized to accept service for defendant as his personal secretary'' | 3060 East 44th Street Vernon, California | August 18, 1960 |

The declaration was dated August 18, 1960.

Defendant did not appear in the action and, on November 4, 1960, at the request of plaintiff's attorneys, the default of defendant was entered by the clerk. On November 18 plaintiff was granted an interlocutory judgment of divorce by default. The judgment, which was entered November 22, 1960, provided, in part, that defendant was ordered to pay to plaintiff, as alimony, $300 a month until further order of the court.

On January 9, 1961, pursuant to subpoenas issued by the clerk, plaintiff took the depositions of Mr. Scovill, the salesmanager, and Louise Keller, the secretary, referred to above. Defendant's present attorney appeared at the taking of such depositions and stated that he was ''appearing for Mr. Lettenmaier in this case,'' and he objected to the taking of the depositions. He remained during the taking of the depositions and objected to certain questions which were asked by plaintiff's attorney, and he cross-examined Mr. Scovill and Louise Keller.

On March 7, 1961, defendant served and filed a ''Notice of Motion to Set Aside Default Entry and Interlocutory Judgment of Divorce.'' The notice stated that on March 17, 1961, at the time and place specified in the notice, defendant would ''make his special appearance and, specially, for the purpose of setting aside the default heretofore entered against him and any other default entries in the above entitled matter and the Interlocutory Judgment of Divorce heretofore entered'' in the matter; said motion would be made on the grounds that the court had no jurisdiction to enter defendant's default or to hear the matter or to render a judgment of divorce, and the clerk had no jurisdiction or authority to make a default entry; said motion would be made ''on the fact'' that the certificate of service of the summons and complaint does not show or prove that ''it'' was served upon the defendant personally in this state or served elsewhere by constructive service, and it does not show any facts or proof that Louise Keller was authorized to accept service of legal

process on behalf of defendant; the statement therein contained that she was so authorized is a self-serving statement made by the party serving the process and "it simply shows that it was served upon said Louise Keller." The notice stated further that defendant is, and was at the time of the alleged service, a resident of Texas; the record does not show that defendant was served in this state by personal service by delivery to and leaving with the defendant, personally, a copy of the summons and complaint, and it does not show that he was served by constructive service; the motion would be based upon the notice and all affidavits attached thereto and any and all further affidavits filed or to be filed; the notice was "also" a special appearance for the purpose of setting aside the default entry and the interlocutory judgment of divorce.

In an affidavit filed in support of the motion, defendant stated that he is, and since September 1959 has been, a resident of Texas; he was in California, on business for his employer, for approximately two weeks "around" August 18, 1960; on August 18 Louise Keller was employed by his employer; she was not his (defendant's) personal secretary, and she was not authorized to accept service of summons and complaints or any other documents for him; he was aware of the fact that his wife was contemplating suit for divorce; however, he was under the impression that any divorce papers, especially a copy of the summons and complaint, would have to be "personally served" upon him, and that he would have to be informed that "said papers were a law suit," or in substance, that they were "court papers" of some type, and that they would have to be personally delivered and left with him; he is, and during the entire month of August 1960 was, a bona fide resident of Texas; no service was made upon him of a copy of summons and complaint in the action by David W. Fleming (the attorney for plaintiff referred to above); he (defendant) "first ascertained that a Judgment of Divorce had been entered against him about December 27, 1960."

In an affidavit filed in opposition to the motion, Mr. Fleming stated as follows: On August 16, 1960, about 11:35 a. m., he went to the reception room of the "plant" of defendant's employer in Vernon, California, and asked whether defendant was "present." The receptionist replied that defendant was not there but he would be back in "a little while." He waited there until about 3:35 p. m., at which time he asked the

receptionist whether defendant had a personal secretary. The receptionist replied that Louise Keller was defendant's personal secretary. He talked with Mrs. Keller, and she told him that defendant had gone and she was not sure that he would return that afternoon, and she asked whether he was from a law firm. He replied that he was, and that he would come back later. On August 18, about 11:50 a. m., he returned to the reception room and asked the receptionist whether the defendant was there. She replied that defendant was not in the plant but he would be back later. He waited there until 2 p. m., at which time he asked to see Mrs. Keller. He went to her desk and, in reply to his question, she said that defendant was not at the plant and she did not know whether he would be back that day. In reply to his questions as to whether she was defendant's personal secretary and whether she was authorized to accept legal papers, summons, complaint, and legal notices, she said that she was so authorized. When he started to get the summons and complaint from a folder, she asked: "Are those the divorce papers from Mrs. Lettenmaier?" He replied that they were. She "indicated" that defendant was expecting the papers, and she said: "I will certainly see that Mr. Lettenmaier gets these." He replied: "This is service," and then he left the plant. "Some days later" he received a call from plaintiff. She told him that she had talked to Mr. Scovill (the sales manager), and that she had asked Mr. Scovill whether defendant had seen the papers; Mr. Scovill had replied that defendant had seen the papers and had dropped them on his (Scovill's) desk and said that he was getting out of there, and then defendant left for Texas. On October 31, 1960, he (Mr. Fleming) signed the return of service. It is mistakenly dated August 18, 1960, above his signature. The date was not filled in at the time he signed the return. Said return was mailed to the court with the request for entry of default.

In a counteraffidavit of Louise Keller filed by defendant in support of the motion, she stated that she was never authorized to accept service of "papers, legal papers, Summons and Complaints, or any other documents" by defendant, and that she never told anyone that she was authorized to accept service of such papers.

At the hearing of the motion, it was stipulated that the motion might "be treated as a motion to squash the service of the summons and complaint," and that the depositions of

Mrs. Keller and Mr. Scovill (referred to above) might be received and examined by the court.

In her deposition, Mrs. Keller testified that Mr. Fleming gave her the papers; and she gave them to defendant later that day. On cross-examination by defendant's present attorney, Mrs. Keller testified that she gave the papers to defendant shortly after Mr. Fleming left the plant, and it was then between 2 p. m. and 3 p. m.; in her opinion defendant was intoxicated; he returned the papers to her two or three hours later; she was not authorized to accept service for defendant.

In his deposition, Mr. Scovill testified that he did not see defendant for two days after August 18 (the day Mr. Fleming gave the papers to Mrs. Keller, and Mrs. Keller gave them to defendant); three days after August 18 defendant told him that he (defendant) was leaving town for the reason that he "didn't want to be served with these papers his wife was serving him with"; defendant said "his wife was after him on those papers, and he was leaving town, whether it cost him his job or not"; and then defendant left.

Mrs. Keller, called as a witness by plaintiff, was asked the following question by the trial judge: "Did you serve, give, hand certain divorce papers to Mr. Lettermaier?" Mrs. Keller replied: "I did, your Honor." Mrs. Keller testified further that defendant had the papers in his possession for "a couple of hours maybe," and that he returned them to her; she did not recall whether she told him what the papers "were." On cross-examination she testified that she did not recall whether she or defendant "said anything" when she handed the papers to him; in her opinion defendant was intoxicated at the time she handed the papers to him and when he returned them to her; after defendant returned the papers, she gave them to Mr. Scovill.

It was stipulated that Mr. Scovill mailed the papers to plaintiff's attorney, with the letter referred to above.

On May 12, 1961, a minute order was entered, which provided: "In this matter, heretofore submitted on March 17, 1961, the court now makes its order: Motion is granted, defendant to give notice."

Appellant contends that the court acquired jurisdiction over defendant by reason of personal service of the summons upon him by Louise Keller, and therefore the trial judge erred in granting the motion to quash service of summons. In *Sternbeck* v. *Buck*, 148 Cal.App.2d 829 [307 P.2d 970], a process

server gave copies of the summons and complaint to the wife of defendant in an action for damages to an automobile, and the wife gave the copies to defendant. Judgment by default was entered against defendant. In an action in equity to vacate the judgment, judgment was for defendant in that action (i.e., for the plaintiff in the original action). In reversing the judgment (in the action in equity) it was said, at pages 838 and 839: "Section 411 of the Code of Civil Procedure provides that the summons must be served 'by delivering a copy thereof . . . 9. In all other cases to the defendant personally.' Section 410, Code of Civil Procedure, provides that the summons (together with a copy of the complaint) may be served by certain peace officers, 'or any other person over the age of 18, not a party to the action.' With respect to the return it states: 'When it is served by any other person, it must be returned to the same place, with the affidavit of *such person* of its service, and of the service of a copy of the complaint.' (Emphasis added.)

"Read together, these sections mean that the summons and complaint must be delivered to the defendant personally, and that the person making the delivery *must* make the affidavit. No other conclusion can be reached."

 It was also said therein, at page 833: "The vast majority of jurisdictions possessing statutes requiring that a party be served 'personally' or 'personally served' hold that a 'substituted service' upon a member of the defendant's family at the residence of the defendant *does not* suffice to confer personal jurisdiction upon the court. [Citation.] Research of California authority does not disclose any reason to depart from these holdings."

It was further said therein, at page 839: "It matters not that the plaintiff in the instant case [the action in equity] actually received the documents."

In the present case, Louise Keller did not make an affidavit of service. The only affidavit of service was made by Mr. Fleming, one of plaintiff's attorneys. In that affidavit (quoted above), Mr. Fleming declared that he served a copy of the summons attached to a copy of the complaint on, "Marvin L. Lettenmaier [defendant] *and* Louise Keller, authorized to accept service for defendant as his personal secretary." (Italics added.) It is conceded that Mr. Fleming did not serve a copy of the summons or a copy of the complaint on defendant. The contention that the court acquired jurisdiction over

defendant by service of a copy of the summons on him by Louise Keller is, in effect, a contention that, although the court did not acquire jurisdiction over defendant by reason of a service as set forth in the affidavit of service, the court acquired jurisdiction over defendant by substituted service.

Appellant cites cases wherein there are statements to the effect that it is the fact and not the proof of service which confers jurisdiction upon the court. It was not held therein that the court acquired jurisdiction by substituted service. In the present case the court did not acquire jurisdiction of defendant by reason of the act of Louise Keller in delivering the summons and complaint to him.

Appellant contends that the claimed defect in service should be ignored for the reason that no substantial right of defendant will be affected thereby, and substantial rights of appellant will be lost if the defect is not ignored. The defect pertains to jurisdiction and of course must be considered.

Appellant contends that defendant made a general appearance in the action, through his attorney, at the taking of the depositions and he thereby waived any right to quash the service of summons. This contention was not made at the hearing of the motion and it is not properly before the court on appeal. It is to be noted, however, that the depositions were taken after the judgment was entered. Defendant's appearance, by his counsel, at the hearing was not inconsistent with his contention that the court had no jurisdiction of him.

The order is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied June 19, 1962.