[Civ. No. 32490. Second Dist., Div. Two. Jan. 21, 1969.]

JOAN MIRIAM RUSZOVAN, Plaintiff and Appellant, v. ALBERT ANTON RUSZOVAN, Defendant and Respondent.

Donald T. Hirsch for Plaintiff and Appellant.

John T. Tomlinson, Jr., for Defendant and Respondent.

ROTH, P. J.—Appellant is the former wife of the respondent to this appeal. She is presently and was at the time of events herein related the wife of her attorney of record.

Mr. Hirsch had represented appellant in the dirovrce action

out of which these proceedings grew and had obtained a final decree of divorce for her in September 1964.

On March 28, 1967, appellant worked for Mr. Hirsch in his law offices. On that day respondent's process server, one Richard L. Morris, appeared at Hirsch's office for the purpose of serving on appellant an order to show cause and the declaration on which it was based. She was not present in the office.

The documents were delivered to Mr. Hirsch. The process server certified under pains and penalty of perjury the following declaration:

"On March 28, 1967, I went to the office of Donald J. Hirsch, at 9777 Wilshire, Room 605, Beverly Hills, California, to make personal service of an Order to Show Cause and Declaration in re Modification and an Order to Show Cause and Declaration in re Contempt in the above matter, upon the plaintiff, Joan Miriam Ruszovan Hirsch.

"The plaintiff was not at said address; however, I talked with Mr. Donald J. Hirsch, who stated that he was . . . plaintiff's husband and also her attorney and . . . would accept service of the . . . documents on her behalf. I . . . handed to Mr. Hirsch the said documents."

The statements in the return of the process server are not disputed.

After receipt of the process, Mr. Hirsch telephoned respondent's attorney, Mr. Tomlinson, and asked for and obtained a stipulation to continue the show cause hearing from April 10, 1967, the date fixed in the Order to Show Cause, to April 17, 1967.[1]

On April 17, respondent and Mr. Tomlinson appeared. Neither appellant nor Mr. Hirsch appeared. The trial court said: ". . . it would appear that the agency still exists, and he

---

[1]The clerk's transcript shows that the Order to Show Cause was set for hearing on April 10. The reporter's transcript shows that the hearing was held on April 17. It does not reflect affirmatively that the continuance was granted at the request of appellant's lawyer-husband. The statement is made in respondent's brief ''in telephone conversations . . . Attorney Hirsch requested . . . hearing be continued for one week, . . . the hearing was scheduled for April 17, 1967.'' This assertion is not denied.

The reporter's transcript shows that respondent testified in part:

''Q When you say you have been allowed to see her, what has transpired when you have attempted to see her?

''A Oh, Don Hirsch, her attorney, would say, 'Just skip it this weekend, we are going to be out of town this weekend'.'' . . . .

''A Yes, I've had conversations with both Don Hirsch and Joan Hirsch. Joan will say, 'I can't talk to you about this matter, we have a present litigation going.' And she says, 'Mr. Hirsch has told you that we can't talk to you about this any longer, and you are not to see the child until we have the court action.' ''

had full authority from his client to accept the service; The Court elected [*sic*] to exercise jurisdiction.''

A hearing was held and the trial court modified the custody provisions of the final decree.

The certified return of service of the modified order by the same process server shows in pertinent part: ''On May 18, 1967, I went to the law office of Donald J. Hirsch. at 9777 Wilshire Boulevard, Suite 605, Beverly Hills, California, to make personal service of a certified copy of the Modification Order upon Joan Miriam Ruszovan Hirsch. Upon my arrival, Mr. Hirsch stated that his wife was not in, and would not be in the rest of the day, and he did not know where she was. He asked me what I had to serve on her, and if he could read the order. He read the order, and said that it was a waste of my time to serve this, due to the fact that he was going to get an order to vacate this order.

''. . . . . . . . . . . . . .

''. . . Mr. Hirsch stated that the previous service was an illegal service. I said, 'That is something you are going to have to take up with Mr. Tomlinson, not me.' Then, I asked him if there was some way he could contact his wife so I could make service on this date, because of the lengthy travel, which is about 130 miles.[2] He stated this was my problem, and he would not help me serve her. Once again he said, 'You are wasting you time because I am still going to get an order to vacate this modification order.' He want [*sic*] to know what type of attorney Mr. Tomlinson was when he did not show up for the deposition. I told Mr. Hirsch I also had a certified letter with me which had been sent to his wife, and they did not accept it. The letter was the 60 day notice that must be given so that the defendant can exercise his right of summer visitation with the minor child. He said, 'Well. that is just mail. Throw it there on my wife's desk.' 'Well, Mr. Hirsch, I would rather give it to you and then leave.' He said, 'Well, it's still just mail.' I said, 'This is very fine. I will deliver the mail to you.' At this, he took the letter and walked back into his office.''

This appeal from the order is based on the ground that the provisions of section 147 of the Civil Code require personal service, and that since there was no such service, the court did not acquire jurisdiction. Appellant relies on *Sternbeck* v.

---

[2] Mr. Tomlinson, respondent's attorney, officed in Chino, where respondent apparently lived. Appellant and her attorney reside in Los Angeles. The Order to Show Cause was set for hearing in Los Angeles.

*Buck,* 148 Cal.App.2d 829 [307 P.2d 970] and *Lettenmaier* v. *Lettenmaier,* 203 Cal.App.2d 837 [22 Cal.Rptr. 156].

Section 147 of the Civil Code provides: ''After the granting of a final decree of divorce, a final decree or judgment in an action for separate maintenance, a final decree of annulment, or an order for the support, maintenance or custody of minor children, no modification of the decree, judgment or order and no other order of the court in the divorce, separate maintenance, annulment, or child support, maintenance or custody action shall be valid unless any prior notice otherwise required to be given to a party to the action be served, in such manner as such notice is otherwise permitted by law to be served, upon the party himself. *For such purpose service upon the attorney of record shall not be sufficient.''* (Italics added.)

The direction of the statute is clear that service upon the attorney of record shall not be sufficient.

The record at bench, however, shows more. Appellant, through an attorney who coninued to represent her after the final decree (see footnote 1) and who purported to represent her at the time of service, accepted service with full knowledge of the code section and appeared by stipulation in a pending action, to contest an Order to Show Cause initiated therein.

In these circumstances, assuming defective service, if appellant had not been represented by Mr. Hirsch in the original divorce action, and if she were not his wife and/or employee, the undisputed fact that an attorney seeks and obtains a stipulation for a continuance of the hearing required by the Order to Show Cause, knowing service is defective, is an explicit representation by the attorney that the strict legal requirements of service were waived by his client and himself and that he had been authorized by his client to appear and defend. There is nothing in the record to show that he was not authorized to do precisely what he did.

The representation of an attorney of record in a divorce action is generally completed when the final decree is entered. When children and alimony are involved, it is usual for the case to be reopened for supplemental proceedings, but the lack of certainty that the attorney of record in the divorce action continues to represent his client has caused confusion.

When, however, the attorney of record is directly contacted and he represents by words or action that he is still the attorney of record, the intent of the amended statute has been

complied with. The amendment to the statute might well have read:

"For such purpose service upon the attorney of record shall not be sufficient unless such attorney makes it clear that he continues to be the attorney of record."

 An attorney is an officer of the court. It is not asserted nor remotely suggested that Mr. Hirsch obtained the stipulation for the sole purpose of giving appellant time to make up her mind whether she expected to retain him or someone else. In obtaining the stipulation, Mr. Hirsch led the attorney for the other side and the court to believe and each had a right to assume, that Mr. Hirsch would not purport to act for appellant if he had not been authorized to do so. This assumption is fortified by the undisputed admission in the record that Mr. Hirsch knew he could successfully make a motion to vacate the order herein appealed from if he made an affidavit in support of such motion, stating that he was never authorized by his wife and client to request and make a stipulation for a continuance—or had such authority only to obtain time to give her a chance to employ some other attorney. The fact that no such motion or affidavit was made, clearly the relief to which appellant might be entitled, (Code Civ. Proc., §§. 416.1, 473) is abundant verification of the fact that Mr. Hirsch was authorized to appear and act for appellant on the Order to Show Cause.

The situation at bench is not similar to that in *Sternbeck* and *Lettenmaier,* where it clearly appears that there was defective service of a summons in a newly commenced action and no jurisdiction of the party defectively served had ever been obtained.

 Assuming that the strict requirement of section 416 of the Code of Civil Procedure in respect of personal service of summons is applicable to the service required, under section 147 of the Civil Code, an assumption which is certainly arguable, there is no statute nor provision of law which prevents a party from voluntarily appearing in an action. In fact, the law provides to the contrary. Section 416 (Code of Civil Procedure) provides in part: "The voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him."

 The facts at bench warrant a holding that there was an authorized appearance by appellant.

The order is affirmed.

Herndon, J., and Fleming, J., concurred.