[No. B002534. Second Dist., Div. Four. June 15, 1984.]

In re the Marriage of ELEANOR K. and MELVIN E. ASKREN.
ELEANOR K. ASKREN, Respondent, v.
MELVIN E. ASKREN, Appellant.

COUNSEL

Timothy M. O'Connor for Appellant.

Michael F. Kanne for Respondent.

OPINION

KINGSLEY, Acting P. J.—The parties were married on November 25, 1970. They separated on August 28, 1980. On September 17, 1980, the wife filed the present action, seeking a dissolution. On October 10, 1980, the husband filed an action for divorce in Kansas. The husband was personally served in Kansas, the wife was personally served with the husband's complaint in California. The husband originally made no appearance in the California action and his default was duly entered. However, the husband thereafter appeared by a California attorney and made a motion, under section 473 of the Code of Civil Procedure, to set aside the default. The motion was denied and a default hearing was held. The trial court, in addition to awarding an interlocutory decree of dissolution, made a finding that certain property in Kansas was the separate property of the parties and ordered the husband to execute deeds converting title from that in joint tenancy to tenancy in common.

The husband then proceeded to bring his Kansas divorce action to trial. The wife journeyed to Kansas to resist that effort, incurring thereby expenses for travel and for attorney fees both to her California counsel and to Kansas counsel. The Kansas case proceeded to final judgment, with the following provisions: (1) the Kansas court recognized the California decree insofar, but only insofar, as it terminated the marriage. Finding that the wife had property in California worth $250,000, it confirmed that to her as her separate property, and awarded the Kansas property to the husband as being equivalent in value.

Thereafter the husband instituted, by motion, a proceeding in the California case to terminate the support provisions of the California decree. The

wife countered with orders to show cause: (1) for contempt because the husband had not complied with the requirement of the California decree that he change the record title of the Kansas property to tenancy in common; and (2) to secure payment by the husband of her expenses in going to Kansas to contest the Kansas proceedings.

The husband's motion was duly served on the wife; her orders to show cause were served on the California attorney who had filed the husband's motion. Eventually, the order to show cause re contempt and the husband's motion to terminate support were put off calendar, and the court proceeded to hear the wife's motion for attorney fees and costs. The court made its order as follows:

"Court finds that respondent was served with a copy of the interlocutory judgment on 5/1/82; that he did not comply with the provisions of said interlocutory judgment but instead proceeded with the Kansas divorce proceeding and refused to execute deeds to the Kansas properties as ordered; that as a result of this action petitioner was required to obtain legal representation to protect her interests; she employed and legal services were rendered by Michael F. Kanne her attorney of record in these proceedings and Larry P. Ireland of Topeka, Kansas; that it was necessary for her to travel to Jackson County, Kansas to testify in the Kansas Divorce proceeding and as a result thereof petitioner incurred out-of-pocket expenses of approximately $700; that Mr. Kanne tendered a statement for services in the sum of $3,172.50 and Mr. Ireland tendered a statement for $1,100; that petitioner further incurred court cost of $70.60, for a total of $5,033.10. The court further finds that respondent failed to pay spouse total of $5,033.10. The court further finds that respondent failed to pay spousal support as ordered in the interlocutory judgment and it was necessary for petitioner to obtain legal representation to obtain payment thereof; that petitioner employed Mr. Kanne to represent her interests and he performed legal services and tendered his statement of $1,530.

"Court further finds that it was necessary for petitioner to obtain legal representation to file the OSC re attorney's fees and costs on 5/75/82; that she retained Mr. Kanne for this purpose and that he rendered legal services; the reasonable value of such services is at least $750.

"Respondent is hereby ordered to pay directly to petitioner the sum of $5,280 as his contributive share of the value of attorney's fees and costs incurred by petitioner in the above proceedings ($3,000 Kansas proceedings, $1,530 for the enforcement of spousal support and $750 for the OSC re atty's fees and costs filed 5/7/82). With respect thereto, the Court finds that respondent has the ability to pay said sum and petitioner has the need

to receive said sum." The husband has appealed from that order. We affirm it insofar as it directs the payment of the fees and costs. We discuss but do not, and cannot, on this appeal make any further order as to some statements therein.

The issues raised and briefed here, except for one issue which, as we have said above we do not determine, are all directed at alleged procedural errors.

■ (1) The jurisdiction of the California court to decide the dissolution action is clear. Apart from personal services on the husband, he invoked the jurisdiction of the California court by his appearance, by counsel, in connection with the 473 motion and by himself bringing the motion to terminate support.

■ (2) The husband contends that the wife did not properly plead the issue of property rights. She instituted the dissolution case by using the form provided in the California Rules of Court. Where, in that form, she was asked to list all community and quasi-community assets involved, she said: "A complete list of such assets and obligations is unavailable to Petitioner at this time but will be provided to the Court when the information is obtained." and, to the question concerning separate property, she answered similarly, as follows:

"A complete list of Petitioner's separate property is unavailable to Petitioner at this time but will be provided to the Court when the information is obtained." However, in connection with the wife's opposition to the 473 motion, she filed a second form in which she listed various items of separate property not herein involved, and a one-half interest in three pieces of real property in Kansas as being her separate property. At the default hearing she testified that the property in Kansas had been purchased, during marriage, in joint tenancy form and the deeds introduced by her showed conveyance to the husband and wife as joint tenants. We conclude that that second declaration was sufficient to advise the husband that disposition of the Kansas property was to be before the court at the default hearing.

■ (3) The husband, relying on section 4809 of the Civil Code, contends that he was never properly served with the wife's request for the fees and costs involved in this appeal. That section provides: "After the entry of a final judgment decreeing the dissolution of the marriage or the legal separation of the parties, or after a declaration of void or voidable marriage, or after a permanent order in any other proceeding in which there was at issue the custody, support, maintenance, or education of a minor child, no modification of such judgment, order, or decree, and no subsequent order in

such proceedings shall be valid unless any prior notice otherwise required to be given to a party to the proceeding be served, in such manner as such notice is otherwise permitted by law to be served, upon the party himself. For such purpose, service upon the attorney of record shall not be sufficient." As the cases discussing that section point out, it was designed to cure the problem, under the prior law, that arose when, many years after a divorce had become final, some attack on it was made and service was effected on the trial counsel for the other party, who, with the passage of years had long since lost all track of his client.[1] That purpose, clearly, does not exist where, as here, the service by one party is made on the attorney who, on behalf of the other party, has just instituted an attack on the final judgment. A defense to such attack, whether by denial or by counterattack, is made on the very person who is not only currently in touch with the client, but the person best able to deal with the counterattack.

Secondly, the husband, after the service on his attorney, appeared at, and defended against, the wife's then contentions. It is settled that any defect in the form of notice is waived by an appearance to contest the matter involved. Here the husband has made such appearance.

■ (4) However, while a dissolution court has power to decide as between the community and separate status of property, and can make orders concerning the ultimate disposition of community property, its jurisdiction does not extend to the *disposition* of separate property. Any dispute as to *disposition* must be litigated in a separate action. (*In re Marriage of Buford*

---

[1] "Civil Code section 4809 is a restatement of former Civil Code section 147, enacted in 1963. [Fn. 3 omitted.] Consistent with the usual rule that after a party has been served with process necessary for the court to obtain personal jurisdiction subsequent notices of motion must be served on the party's attorney of record (Code Civ. Proc., § 1015; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 14, p. 2687), the rule in divorce cases prior to enactment of former section 147 was that, even after a final judgment of divorce, notice of a subsequent motion to modify the support or maintenance provisions thereof was to be served on the attorney of record because the matter was regarded as still continuing. [Citations omitted.] [¶] This rule led to certain problems for attorneys and their clients and therefore former section 147 was enacted. The problem was described this way: '. . . This rule may be unfair in domestic relations cases. For, if the court grants alimony or child support, it may retain jurisdiction indefinitely, and years may pass before one of the parties seeks modification of the original order. Because the motion is "supplementary," service upon the attorney alone was sufficient. Often an attorney who had lost touch with a former client was forced to make a perfunctory and often ineffective challenge with no help from his former client and no recent information with which to defend the client's interest. See 2 The California Family Lawyer § 22.96 (Cal. C.E.B. 1963).' (*Review of Selected 1963 Code Legislation* (1963) 38 State Bar J. 639.) [¶] Former section 147, now section 4809, dealt with this problem by requiring service of notice of subsequent proceedings on the party himself and by stating explicitly that '[f]or such purpose, service upon the attorney of record shall not be sufficient.' (See, e.g., *In re Marriage of Gabriel, 50 Cal.App.3d 556, 558 [123 Cal.Rptr. 454].*)" (*Gortner* v. *Gortner* (1976) 60 Cal.App.3d 996, 999-1000 [131 Cal.Rptr. 919].)

(1984) 155 Cal.App.3d 74 [202 Cal.Rptr. 20]; *Porter* v. *Superior Court* (1977) 73 Cal.App.3d 793 [141 Cal.Rptr. 59].)

It follows that the California decree validly determined that the wife owns an interest in the Kansas property as her separate property; but that it could not validly direct any change in the record title. That matter, and the validity of the Kansas court's attempt to direct disposition of that property, must be litigated in a separate action.

However, the order herein appealed from only determines the wife's right to fees and costs. Nothing in the record before us indicates that those expenses were any greater because of the involvement of the Kansas property in the suit in that state. The husband has not here questioned the *amount* of the order.

The order appealed from is affirmed.

Arguelles, J., and Munoz, J.,* concurred.

A petition for a rehearing was denied July 10, 1984.

*Assigned by the Chairperson of the Judicial Council.