[No. A034524. First Dist., Div. One. July 23, 1987.]

In re the Marriage of LILLIAN B. and RAY C. RODEN.
RAY C. RODEN, Appellant, v.
LILLIAN B. RODEN, Respondent.

**COUNSEL**

Francis B. Mathews for Appellant.

Gottschalk & Sanders and Neal I. Sanders for Respondent.

## OPINION

### HOLMDAHL, J.—

Ray C. Roden appeals from an order denying his motion to vacate an order for continued spousal support.[1] The issue presented is whether appellant effectively waived compliance with Civil Code section 4809, which requires service of notice of postjudgment proceedings on the party.

The order is reversed.

#### Factual and Procedural Background

A final judgment of dissolution of the marriage of Ray and Lillian B. Roden was filed in Humboldt County Superior Court on January 24, 1985. The judgment ordered appellant husband to pay spousal support of $450 per month for a period of one year. The judgment also provided: "At the expiration of one year the court shall retain jurisdiction with respect to spousal support."

On December 20, 1985, Michael Gottschalk, counsel for respondent wife, telephoned appellant to determine whether he would stipulate to continue spousal support at the same level. Gottschalk claims that appellant stated that Francis Mathews, his attorney in the dissolution action, was still his attorney and that service of any documents should be made on Mathews.

On December 24, 1985, Gottschalk served Mathews with a notice of motion to modify the support order to be heard on January 8, 1986. For reasons which do not appear in the record, the motion was not actually heard until January 27. On January 20, Gottschalk contacted Mathews, who then advised him that Mathews had written two letters to appellant without a response, and that Mathews was no longer acting as his attorney.[2]

---

[1] The notice of appeal also specifies the court's order denying Roden's Code of Civil Procedure section 170.6 motion to disqualify the judge. This order is not discussed in the appellant's briefs on appeal; thus, we decline to consider this point. (*Younger* v. *State of California* (1982) 137 Cal.App.3d 806, 812-813 [187 Cal.Rptr. 310].)

[2] The record contains no indication that Gottschalk told Mathews about the January 27 hearing date.

Gottschalk then telephoned appellant and unsuccessfully attempted to settle the matter of continued support.[3] On January 22, Gottschalk wrote to appellant, stating that Mathews informed him Mathews was no longer representing appellant, and that, "In fact, I agreed with Mr. Mathews, pursuant to California Civil Code § 4809."[4] The letter ended: "Finally, please be advised that since Mr. Mathews is unable to act on your behalf at the present point in time, . . . I have no alternative but to continue to protect Lillian's rights through procedures set forth by our courts and the California Legislature."[5]

At 9:30 a.m. on the scheduled hearing date of January 27, appellant finally received a copy of the notice from Gottschalk directing him to appear at 8:30 a.m. Gottschalk alone had appeared before the superior court that morning and represented that he had been authorized by appellant to serve Mathews and had, in fact, served Mathews with notice of the proceeding. The court made an express finding that appellant had waived his right under section 4809 to personal service by directing that service be made on his attorney. The court ordered a continuation of spousal support of $450 per month until further order of the court.

On February 13, 1986, Mathews, acting again as appellant's attorney, filed a motion to set aside the order of January 27, supported by appellant's declaration stating that he did not authorize service on Mathews at any time and that he had not been personally served until one hour after the stated time of the hearing.

The motion to set aside the prior order was heard on March 3, 1986. After argument, the court expressly concluded that appellant had waived compliance with section 4809. This appeal is from the court's order denying appellant's motion, filed on March 26, 1986.

### Discussion

■ Matters raised by a motion to vacate a default are within the discretion of the trial court. (*In re Marriage of Jacobs* (1982) 128 Cal.App.3d 273,

---

[3] The record contains no indication that Gottschalk told appellant about the January 27 hearing date.

[4] Section 4809 provides, in relevant part: "After the entry of a judgment decreeing the dissolution of the marriage or the legal separation of the parties, . . . no modification of such judgment, order, or decree, and no subsequent order in such proceedings shall be valid unless any prior notice otherwise required to be given to a party to the proceeding be served, in such manner as such notice is otherwise permitted by law to be served, *upon the party himself. For such purpose, service upon the attorney of record shall not be sufficient.*" (Italics added.)

Unless otherwise indicated, all further statutory references are to the Civil Code.

[5] The letter contains no reference to the January 27 hearing date.

280 [180 Cal.Rptr. 234].) However, that court's determination will be reversed upon a clear showing of abuse of discretion. "The test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered. [Citation.]" (*Ibid.*)

Respondent claims that appellant waived compliance with section 4809 by telling Gottschalk to serve Mathews. Appellant argues that service on his attorney did not comply with the mandate of section 4809. He argues that the letter written by Gottschalk to appellant on January 22, 1986, conclusively established that Gottschalk knew Mathews was not authorized to accept service and that Gottschalk admitted that service was inadequate.

Section 4809 was enacted to remedy the problem that occurs in family law matters when an attack is made on an order many years after it was entered and trial counsel can no longer locate his or her client. (*In re Marriage of Askren* (1984) 157 Cal.App.3d 205, 211 [203 Cal.Rptr. 606].) Prior to enactment of section 4809 (previously § 147), notice of a motion subsequent to the final judgment was served on the attorney of record because the court's jurisdiction over the parties was continuing. (*Ibid.*) "'. . . This rule led to certain problems for attorneys and their clients and therefore former section 147 was enacted. The problem was described this way: ". . . This rule may be unfair in domestic relations cases. For, if the court grants alimony or child support, it may retain jurisdiction indefinitely, and years may pass before one of the parties seeks modification of the original order. Because the motion is 'supplementary,' service upon the attorney alone was sufficient. Often an attorney who had lost touch with a former client was forced to make a perfunctory and often ineffective challenge with no help from his former client and no recent information with which to defend the client's interest. See 2 The California Family Lawyer § 22.96 (Cal. C.E.B. 1963)." (*Review of Selected 1963 Code Legislation* (1963) 38 State Bar J. 639.) [¶] Former section 147, now section 4809, dealt with this problem by requiring service of notice of subsequent proceedings on the party himself and by stating explicitly that "[f]or such purpose, service upon the attorney of record shall not be sufficient." [Citations.]' " (*Id.,* at p. 211, fn. 1.)

In rather unusual circumstances in *Ruszovan* v. *Ruszovan* (1969) 268 Cal.App.2d 902 [74 Cal.Rptr. 507], the court stated that a party's voluntary appearance in an action would cure a section 4809 violation, where the party's attorney had been served and accepted service. (*Id.,* at p. 907.) The *Ruszovan* court also stated that "strict legal requirements of service" could be waived by the client and attorney. (*Id.,* at p. 906.)

In the case of *Gortner* v. *Gortner* (1976) 60 Cal.App.3d 996, 1000 [131 Cal.Rptr. 919], the court noted that "there is no evidence that Wife had

actual notice of the proceedings," and reversed the trial court's order made at the husband's request. Reversal was required by section 4809. (*Id.,* at p. 1000.) In dicta, the court discussed the husband's contention that he had not been given section 4809 notice of the antecedent proceeding, but noted that he had "actual notice." (*Id.,* at p. 1001.) The court stated: "The purpose of section 4809 is to provide the opposing party with notice of the proceedings. If it could be shown that the party had actual notice of the proceedings, a technical failure to comply with section 4809 would not invalidate the order. [Citations.]" (*Ibid.*)

In *Askren,* as in *Ruszovan,* the court excused a technical noncompliance with section 4809, finding a waiver by the party's voluntary appearance following acceptance of service by the party's attorney. (*In re Marriage of Askren, supra,* 157 Cal.App.3d 205, 211.)

Thus, at the extremes, *Ruszovan* and *Askren* find waiver when the affected party voluntarily appears after acceptance of service of notice by his attorney, whereas *Gortner* suggests "actual notice" is sufficient if combined with only "technical failure" to comply with section 4809. ■ We readily concur with *Ruszovan* and *Askren,* that a voluntary appearance by the affected party constitutes a waiver of service on him, when his attorney has previously accepted service of an adequate notice as well. There hardly can be any doubt that the party has received sufficient "actual notice" of the pending proceeding.

We have difficulty, however, concurring with *Gortner's* suggestion. *Gortner* does not, for example, indicate the content of the "actual notice" to which a party is entitled. It is, perhaps, trite for us to hold, as we now do, that any such notice should be adequate: It should be sufficiently in advance of the hearing date and should include that date and the time, place, and purpose of the hearing. In addition, *Gortner* does not specify what type of "failure" to comply with section 4809 is so "technical" as not to invalidate an order. That dictum cites as authorities *Lewis* v. *Lewis* (1957) 49 Cal.2d 389, 396 [317 P.2d 987], and *Leverett* v. *Superior Court* (1963) 222 Cal.App.2d 126, 134 [34 Cal.Rptr. 784]. Both of these opinions hold that "[a]ctual notice is sufficient" (*Lewis* at p. 396 and *Leverett* at p. 134), and cite several constitutional law decisions. Neither opinion, however, considers the requirements of section 4809, for the good reason that *both* decisions preceded enactment of predecessor statute (§ 147) in 1963.

In view of recurrent uncertainty of what constitutes *adequate* "actual notice" and similar uncertainty as to what failure to comply with section 4809 is only a "technical" failure, we arrive at what the Legislature could hardly have expressed more clearly when it enacted section 4809: *No* subse-

quent order is valid unless the requisite notice is served "upon the party himself" and that "service upon the attorney of record shall not be sufficient."

We now apply these principles to the facts of the present case. Although section 4809 provides for no waiver, or other exception, we have accepted the holdings of *Ruszovan* and *Askren* that a party's voluntary appearance, in combination with previous acceptance of service of an adequate notice by his attorney, constitutes a waiver. In the present case, however, appellant did not appear and there is no *Ruszovan* waiver.

We are left, therefore, with the precise problem which section 4809 was intended to solve. The statutory language could not be more clear in providing that a party must be served a notice of a modification proceeding. We decline to create or uphold exceptions to the statute which open the door to factual disputes over oral communications between counsel and often hostile parties. Respondent's clearly appropriate course of action here was to have served appellant. Her attorney's failure to comply with the statute left appellant without the statutory notice of the hearing to which he is entitled.[6] We are compelled to invalidate the resulting order.

The order of March 26, 1986, is reversed; and, the trial court is directed to make its order granting appellant's motion to vacate. Appellant is entitled to costs on this appeal.

Elkington, Acting P. J., and Newsom, J., concurred.

---

[6] This determination makes unnecessary our review of the record as to evidence of "actual notice" and "technical" failure. We note, however, that there is disputed evidence of an initial direction to serve Mathews; there is no proof of service of notice on appellant; there is no indication that Mathews forwarded the notice served to appellant; the notice served on Mathews specified a January 8 hearing date; and, there is no indication that either Mathews or appellant knew in advance of the January 27 hearing date. This lack of facts showing actual notice, coupled with Gottschalk's apparent concession of defective service in his January 22 letter to appellant, leave the trial court's finding of waiver without evidentiary support, in any event.