[No. H006100. Sixth Dist. Oct. 23, 1990.]

In re the Marriage of SHIRLEY and RAYMOND KREISS.
RAYMOND H. KREISS, Respondent, v.
SHIRLEY M. KREISS, Appellant.

COUNSEL

Gregory P. Allen for Appellant.

Edward S. Miller and John F. Rinaldi for Respondent.

OPINION

COTTLE, J.—Shirley M. Kreiss appeals from an order denying her motion to set aside an order terminating spousal support awarded her in the judgment of dissolution of her marriage to Raymond H. Kreiss. Because the record reveals that appellant was not served with notice of the motion to terminate her spousal support, as required by Civil Code section 4809,[1] we must grant the relief she seeks.

### BACKGROUND

The marriage of appellant Shirley M. Kreiss and respondent Raymond H. Kreiss was dissolved in 1978. Appellant was awarded spousal support in

---

[1] Unless otherwise noted all further statutory references are to the Civil Code.

the amount of $525 per month, to continue until her remarriage, the death of either party, or further order of the court. Appellant was also awarded a share of respondent's future retirement benefits based on the length of their marriage.

In January 1987 appellant consulted attorney Ian G. Allen concerning the dissolution and a tax matter. Allen had not previously represented appellant. In October 1987 appellant and respondent together met with Allen to seek his opinion on spousal support and the proper division of respondent's retirement benefits.

When respondent retired in February 1988, he stopped paying spousal support and began to pay appellant $665 per month from his pension.

Allen sent the parties his opinion letter on July 14, 1988. The letter reminded them that spousal support orders continue until terminated by further court order. The letter also advised that respondent owed appellant $3,150 in spousal support arrearages, among other items not at issue in this appeal.

On receiving Allen's letter, respondent consulted attorney John F. Rinaldi for assistance in resolving the support issue. Rinaldi contacted Allen, who informed him that he represented appellant. On July 22, 1988, Rinaldi filed a notice of motion for termination of spousal support and for determination of pension rights. The motion was set for hearing on September 6, 1988. The notice of motion and accompanying income and expense declaration were served by mail on Allen as attorney for appellant. The record reveals no service on appellant.

On July 29, 1988, Allen telephoned Rinaldi to request that the hearing be continued to September 20, 1988. They did not reach an agreement for a continuance. On August 8, 1988, Allen discussed with Rinaldi the possibility of settlement to obviate the need for a hearing. According to Rinaldi, Allen made a settlement offer with the understanding that if no settlement were reached, someone from his law offices would appear at the September 6 hearing. Rinaldi wrote to Allen on August 24, 1988, rejecting settlement.

Respondent and Rinaldi were present at the September 6 hearing, but neither appellant nor her counsel appeared. Respondent did not offer any proof of service. As the court file contained no response to the motion, the trial court heard the matter as a default and granted the motion. On September 14, 1988, the trial court signed the order terminating spousal support and determining appellant's interest in respondent's retirement benefits. To correct a clerical error in the September 14 order, an amended

order accurately reflecting the trial court's ruling was prepared and was signed on October 7, 1988.[2]

On the day after the hearing, Allen telephoned Rinaldi to find out what had happened. Rinaldi informed him the court had granted the motion. Allen then questioned the propriety of service on him of the notice of motion, citing section 4809. Allen requested that Rinaldi stipulate to vacate the order. Rinaldi declined to do so.

On December 12, 1988, Gregory P. Allen substituted in as attorney of record for appellant. Two days later, Gregory Allen notified Rinaldi of his substitution and requested that the orders of September 14 and October 7 be set aside. Rinaldi again refused to do so.

On April 6, 1989, appellant filed a motion to set aside the underlying orders. The trial court denied the motion as untimely under Code of Civil Procedure section 473.

Appellant filed a timely notice of appeal.

## DISCUSSION

■    Preliminarily, we address respondent's contention that the order terminating spousal support is affirmable and not void for lack of timely return of proof of service, since a failure to file proof of service before entry of judgment makes the judgment irregular but not void. (*Connelly* v. *Castillo* (1987) 190 Cal.App.3d 1583, 1589 [236 Cal.Rptr. 112].) An irregular judgment, respondent notes, is not subject to collateral attack. (*National Diversified Services, Inc.* v. *Bernstein* (1985) 168 Cal.App.3d 410, 417 [214 Cal.Rptr. 113].) Although these propositions are correct, respondent's contention misconceives the thrust of appellant's argument.    ■    Appellant asks us to reverse the orders entered below not principally because of respondent's failure to make timely return of proof of service, but rather because the orders are void due to his failure to comply with section 4809. Accordingly, we must address the requirements of that statute.

Section 4809 provides in relevant part as follows: "After the entry of a judgment decreeing the dissolution of the marriage or the legal separation of the parties, . . . no modification of such judgment, order, or decree, and no subsequent order in such proceedings shall be valid unless any prior notice otherwise required to be given to a party to the proceeding be served,

---

[2]For clarity, we will refer to both the September 14 and the October 7 orders as the "order" or "orders" that are the subject of this appeal.

in such manner as such notice is otherwise permitted by law to be served, upon the party himself. For such purpose, service upon the attorney of record shall not be sufficient."

Section 4809, and its predecessor, former section 147, were designed to remedy the problem that occurs in dissolution cases when a party attacks an order long after it was entered. (*In re Marriage of Askren* (1984) 157 Cal.App.3d 205, 211 [203 Cal.Rptr. 606].) Under prior law, a party would serve notice of a motion made after entry of final judgment on the attorney of record, as the court had continuing jurisdiction in the proceeding. In many cases, modification of a support order was sought long after an attorney had lost touch with his or her client. The attorney then had to make a perfunctory and often ineffective challenge with no help from the former client and with no recent information with which to defend the client's interest. Section 4809 deals with this problem by requiring service of notice of subsequent proceedings on the party and by stating explicitly that " '[f]or such purpose, service upon the attorney of record shall not be sufficient.' " (See *In re Marriage of Askren, supra,* 157 Cal.App.3d at p. 211, fn. 1.)

Respondent does not dispute his failure to serve appellant with notice of the motion. Rather, he contends that the following facts, taken together, demonstrate that Allen waived the requirements of section 4809: (1) Allen's statement that he was representing appellant, (2) his attempts to obtain a continuance and to negotiate a settlement, (3) his representation that someone from his office would appear at the hearing if no settlement were reached, and (4) his failure to raise the issue of lack of service when confronted with Rinaldi's rejection of his proposals for settlement and continuance.

*Ruszovan* v. *Ruszovan* (1969) 268 Cal.App.2d 902, 906 [74 Cal.Rptr. 507], held that the strict legal requirements of section 4809 can be waived by the client and the attorney. In *Ruszovan,* the former husband sought to modify the custody provisions of a final divorce decree. Following the divorce, the wife had remarried. Her new husband was her attorney of record in the divorce proceedings. She worked in his law office. The former husband attempted to serve the wife with an order to show cause at the law offices of her attorney-husband. The wife was not present, but the attorney-husband, who continued to represent her, accepted service and subsequently obtained a stipulation to continue the custody hearing. He did not, however, appear at the hearing. The trial court exercised jurisdiction and ordered a modification of custody. The Court of Appeal affirmed, reasoning that the attorney-husband's actions in obtaining a stipulation for a continuance amounted to a waiver of the strict requirements of section 147, predecessor to section 4809.

Respondent urges that the facts of this case are so similar to those in *Ruszovan* that we should likewise affirm. In light of what we consider the significant dissimilarities between the two cases, we cannot agree. In *Ruszovan*, the husband attempted to serve his former wife. (*Ruszovan, supra,* 268 Cal.App.2d at p. 904.) Her present husband and attorney of record explicitly accepted service on her behalf. (*Ibid.*) No comparable attempt to serve or explicit acceptance appear in this record. In *Ruszovan*, the wife's attorney of record obtained a stipulation to continue the hearing on the order to show cause. (*Ibid.*) In this case, Ian G. Allen, who was not appellant's attorney of record, did not obtain a stipulation for a continuance and did not appear at the September 6 hearing. This record does not support a finding of *Ruszovan* waiver.

Absent too are the circumstances that led the court, in *In re Marriage of Askren, supra,* 157 Cal.App.3d 205, 211, to hold that service on the former spouse was waived. In *Askren*, the husband's attorney of record, who had just instituted an attack on the final judgment of dissolution on behalf of his client, was served and appeared to defend against the wife's request for fees and costs. The court held that the husband waived any defect in the form of notice by appearing and defending against the fee request. (*Ibid.*) In this case, as we have noted, appellant did not appear.

We are aware that counsel for a party seeking postdissolution relief might, in negotiating over continuance or settlement, mistakenly come to believe the opposing party intends to waive the requirements of section 4809. However, we are not free to fashion an exception to the statute when the unserved party has not appeared, and that party's counsel has neither stipulated to a continuance nor taken any other action unambiguously waiving compliance with section 4809.

Respondent also contends that appellant had actual notice of the hearing and that his "technical noncompliance" with section 4809 should not, therefore, invalidate the orders. Dicta in *Gortner v. Gortner* (1976) 60 Cal.App.3d 996, 1001 [131 Cal.Rptr. 919], suggest that because the purpose of section 4809 is to provide the opposing party with notice of the proceedings, a technical failure to comply with the section would not invalidate the order if the party had actual notice. The court in *In re Marriage of Roden* (1987) 193 Cal.App.3d 939, 944 [238 Cal.Rptr. 687], expressed reservations about *Gortner*'s broad suggestion. *Gortner* does not, the *Roden* court observed, indicate the content of the " 'actual notice' " to which a party is entitled, nor does *Gortner* specify what type of failure to comply with section 4809 is so " 'technical' " as not to invalidate an order. Moreover, *Gortner* relies on constitutional law decisions predating the enactment of former section 147. (*Id.* at p. 944; see *Gortner v. Gortner, supra,* 60

Cal.App.3d at p. 1001; *Lewis* v. *Lewis* (1957) 49 Cal.2d 389, 396 [317 P.2d 987]; *Leverett* v. *Superior Court* (1963) 222 Cal.App.2d 126, 134 [34 Cal.Rptr. 784].) We concur in the reservations expressed by the *Roden* court. Moreover, the record before us contains scant evidence that appellant had actual notice. The only proof respondent offers is his own declaration that appellant was "fully aware of the hearing at [*sic*] September 6, 1988 as I learned from my children prior to the hearing how much she wished to avoid being there." The declaration fails to establish that appellant knew of the date, time, and place of the hearing sufficiently in advance to appear or otherwise protect her interests. Although appellant does not offer contradictory evidence, respondent's nonspecific declaration does not persuade us to except this matter from the requirements of section 4809.

Respondent asserts that Allen had an affirmative duty to advise Rinaldi before the scheduled hearing that he intended to rely on "technical noncompliance" with section 4809 as a defense to the motion. Respondent cites no authority recognizing such a duty, and our research discloses none. The terms of section 4809 are plain: no postdissolution order is valid unless any prior required notice is served on the party himself or herself; service on the party's attorney of record does not suffice. Section 4809 cannot be read as respondent urges.

This case exemplifies the problem described in *Roden*: a party entreats us to recognize an exception to section 4809 that would "open the door to factual disputes over oral communications between counsel and often hostile parties." (*In re Marriage of Roden, supra*, 193 Cal.App.3d at p. 945.) To do so would be both unwise and outside our authority.

■ Respondent contends that even if respondent did not comply with section 4809 and appellant did not waive compliance, we must nevertheless affirm the orders because appellant failed to bring her motion to set them aside until after the time prescribed in Code of Civil Procedure section 473. That statute provides in relevant part as follows: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for such relief must . . . be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken . . . ."

Appellant contends that because respondent's noncompliance with section 4809 rendered the orders invalid, Code of Civil Procedure section 473 does not apply. We agree. Respondent's failure to serve appellant with notice of the motion is the equivalent of failure to serve summons and

complaint, which renders a judgment void on its face and subject to collateral attack at any time. (See *Nagel* v. *P & M Distributors, Inc.* (1969) 273 Cal.App.2d 176, 180 [78 Cal.Rptr. 65].)

## DISPOSITION

The order denying the motion of appellant Shirley M. Kreiss to set aside the orders terminating spousal support is reversed. On remand, appellant shall be entitled to an award of attorney's fees incurred in bringing this appeal to be determined by the trial court. Respondent's request for an award of attorney's fees incurred in this appeal is denied.

Capaccioli, Acting P. J., and Premo, J., concurred.