Filed 8/7/13  Worden v. Aggazzotti CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

DEREK WORDEN,

     Appellant,

v.

STEPHANIE AGGAZZOTTI,

     Respondent.

E056456

(Super.Ct.No. RDARS040631)

OPINION

APPEAL from an order of the Superior Court of San Bernardino County.  John A. Crawley, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

William K. Vogeler, Gruenbeck & Vogeler, for Appellant Derek Worden.

Christopher R. Abernathy, Christopher R. Abernathy APC for Respondent Stephanie Aggazzotti.

1

This is an appeal from a post judgment order in family law proceedings.**1**  In the course of child support modification hearings, the commissioner denied an order to show cause without prejudice on grounds that Derek Worden failed to comply with court orders.  Worden appeals, arguing that he was not properly served with the orders.

### FACTS AND PROCEDURAL HISTORY

On May 4, 2009, Worden filed a pro per motion for an Order to Show Cause for modification of child support, together with an income and expense declaration.  The matter was set for hearing on June 8, 2009.

After numerous delays for various reasons, including disposition of other matters, a hearing was held on August 11, 2011.  Worden was present without counsel.  At the conclusion of the hearing, the parties were ordered to "file and serve supplemental declarations two weeks prior to the next Court date.  Parties are further ordered to file and serve two weeks prior to the next Court date updated, accurate and complete income and expense declarations."

On October 6, 2011, another hearing was held but neither party appeared.  The minute order states that the hearing was continued because Worden had retained counsel and discovery was pending.  The order concludes: "As ordered at the hearing of 8/11/11 parties are ordered to file and serve two weeks prior to the next Court date updated, accurate and complete income and expense declarations.  Failure to comply with this

---

**1**  The order is appealable under Code of Civil Procedure section 904.1, subdivisions (a)(1),(2), and (10).

2

order will result in there being no hearing." The order also provided: "Notice to be given by DCSS." Proof of service by mail on Worden was filed on October 24, 2011.[2]

The next hearing was held on January 3, 2012. Neither Worden nor his new attorney, William Vogeler, was present. "The court orders parties to file and serve two weeks prior to the next hearing updated, accurate and complete Income and Expense declarations. Attorney Vogeler is to file a substitution of attorney." In addition, the order after hearing, adds a handwritten order "If the moving party fails to comply with the order as occurred 8/11 and 10/11, then this request to modify shall be denied." Counsel for respondent was ordered to give notice. However, the proof of service only shows service on attorney Vogeler. The hearing was continued until March 20, 2012.

On March 20, 2012, Worden and his attorney, Vogeler, were present. The commissioner pointed out that an income and expense declaration still had not been filed. Attorney Vogeler argued that Worden, who was neither present nor represented at the January 3, 2012 hearing, had not had the order made at that hearing served on him. Nevertheless, based on the failure to comply with the three prior orders, the commissioner denied Worden's requested modification order without prejudice to refile.[3]

---

[2] The Register of Actions for October 26th states: "Proof of service of NRPS by mail service on 10/26/11 as to Derek P. Worden, filed."

[3] The problem with refilling is that Worden would lose the retroactive benefit of his request to modify child support i.e., three years of payments.

## COMPLIANCE WITH FAMILY CODE SECTION 215

Worden first argues that: "The orders that were the basis of the commissioner's ruling on March 20, 2012, were not clear and not served on Worden as required by Family Code section 215(a).[4] Therefore, they were not valid."

Section 215, subdivision (a) states: "(a) Except as provided in subdivision (b), after entry of a judgment of dissolution of marriage, nullity of marriage, legal separation of the parties, or paternity, or after a permanent order in any other proceeding in which there was at issue the visitation, custody, or support of a child, no modification of the judgment or order, and no subsequent order in the proceedings, is valid unless any prior notice otherwise required to be given to a party to the proceeding is served, in the same manner as the notice is otherwise permitted by law to be served, upon the party. For the purposes of this section, service upon the attorney of record is not sufficient."

Worden contends that the section requires that orders in modification proceedings be served on the party. Service on the attorney of record is not sufficient. Since there was no proof of such service for the October 6, 2011 and January 3, 2012 hearings, Worden contends that the March 20, 2012 order was invalid.

Respondent Aggazzotti argues that section 215 is irrelevant because it only applies to service of the initial post-judgment pleading. She cites *In re Marriage of Kreiss* (1990) 224 Cal.App.3d 1033. In that case, decided under former Civil Code section

---

**4** Unless otherwise indicated, all further statutory references are to the Family Code.

4

4809, the court set aside an order terminating spousal support because the notice of motion to terminate child support was not served on the former wife. (*Kreiss* at p. 1034.)

Respondent here argues that Worden filed the post judgment request to modify child support, and section 215 is therefore inapplicable.

We disagree. Section 215 is not limited to the initial post judgment pleading. It clearly applies to subsequent orders in the modification proceedings: "[N]o modification of the judgment or order, and *no subsequent order in the proceedings* is valid unless . . . ." (§ 215, subd. (a), italics added.) We therefore find section 215 applicable in this case.

Accordingly, the orders of October 11, 2011, and January 3, 2012, were not valid because they were not served on Worden.

However, Worden was fully aware of the need to file an income and expense statement because he initially filed one with his modification request on January 31, 2003. He also filed an income and expense statement on May 4, 2009. Worden was obviously aware of the requirement that an income and expense declaration be filed, and, equally obviously, that a current declaration would be needed in order to obtain a modification.

More importantly, Worden was present at the August 11, 2011 hearing in which he was ordered to file an updated declaration within two weeks. Thus, even though the two subsequent orders were invalid for lack of proper service, Worden knew that he had been ordered to file a current income and expense declaration the previous August.

5

When Worden appeared at the March 20, 2012 hearing, he was reminded of his delinquency and the commissioner denied the modification motion accordingly. The commissioner clearly did not abuse his discretion in denying the motion which had been pending for three years.

Respondent also argues that, despite the contrary language in the statute, service upon attorney Vogeler was sufficient compliance with the statute. She cites *Roszovan v. Roszovan* (1969) 268 Cal.App.2d 902. That case states: "When, however, the [former] attorney of record is directly contacted and he represents by words or action that he is still the attorney of record, the intent of the amended statute has been complied with." (*Id*. at pp. 906-907.)

Respondent attempts to come within the *Roszovan* case by arguing that attorney Vogeler made it clear that he was the attorney of record for Worden. To support the argument, respondent filed a motion to augment the record on appeal with documents consisting primarily of e-mails between the attorneys.

By order filed January 25, 2013, we denied the motion "without prejudice to resubmitting the motion and establishing that the documents attached to the motion were filed or lodged in the case in the superior court." No resubmission was made and the denial of the motion stands. Accordingly, we have not considered the proposed documents and, without them, there is no support for respondent's argument.

## COMPLIANCE WITH SECTION 217

Section 217 provides: "(a) At a hearing on any order to show cause or notice of motion brought pursuant to this code, absent a stipulation of the parties or a finding of

6

good cause pursuant to subdivision (b), the court shall receive any live, competent testimony that is relevant and within the scope of the hearing and the court may ask questions of the parties.  [¶]  (b)  In appropriate cases, a court may make a finding of good cause to refuse to receive live testimony and shall state its reasons for the finding on the record or in writing.  The Judicial Council shall, by January 1, 2012, adopt a statewide rule of court regarding the factors a court shall consider in making a finding of good cause."[5]

Worden argues that the commissioner erred by refusing to allow him to testify at the March 20, 2012 hearing.  However, any such testimony would have been ineffective and irrelevant without a current income and expense declaration being on file.  His attorney appeared with him and argued on his behalf.  We find no due process violation.

The commissioner did not make a finding of good cause to receive Worden's live testimony and did not state his reasons for the decision.  Nevertheless, the reasons are fairly obvious and Worden was clearly not prejudiced by being denied the right to testify in view of his continuing violation of the August 11, 2011 order.

After three years of litigation over Worden's May 4, 2009 request to modify child support, the trial court did not abuse its discretion in denying the motion.

### DISPOSITION

The order denying Worden's motion to modify child support is affirmed. Respondent to recover costs on appeal.

---

[5]  See California Rules of Court, Rule 5.113, effective January 1, 2013.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.