[No. G028497. Fourth Dist., Div. Three. Oct., 30, 2002.]

In re the Marriage of NANCY K. and TIMOTHY J. DUNN.
NANCY K. DUNN-KATO, Respondent, v.
TIMOTHY J. DUNN, Appellant.

COUNSEL

Law Offices of Brian Saylin and Brian G. Saylin for Appellant.

No appearance for Respondent.

OPINION

SILLS, P. J.—Husband appeals from a postdissolution modification order which, at wife's insistence, effectively prohibited his new spouse from participating in certain school, church and scouting activities when wife had custody of the children.

Husband (who has since remarried) raises constitutional objections to the order barring his new wife from participating in "fundamental parenting activities" with his children and stepchildren. But we need not reach this question because, as husband points out, there was no hearing. Instead, the matter was handled in chambers, with the order delivered to counsel, who subsequently objected by letter to the court.

As in *In re Marriage of Hall* (2000) 81 Cal.App.4th 313, 319-320 [96 Cal.Rptr.2d 772], "[t]his case appears to have followed the all-too-common pattern in family law of lawyers disappearing into a judge's chamber and emerging with the judge's order, independent of any hearing or settlement." We reverse to require a hearing in the first instance.

## I

After a decade-long marriage, husband and wife were divorced in late 1996. They had two children, both born in the 1990's. They shared custody, and the children split their time between the two parents.

In January 2000, wife sought to modify child custody and child support. She declared that her coparenting arrangements with husband had "dramatically deteriorated" since his remarriage, and that Christal (his new spouse) "is attempting to 'replace me' as my children's mother." Wife specifically complained that husband and Christal were constantly volunteering to help at the children's classroom activities, "which leaves me feeling as if I must 'beat them' to the activity to sign up as the children's mother to volunteer to bring cookies, or help out in the classroom." Husband responded that "[g]ood deeds by one parent should not be seen as an affront to the other parent."

By stipulation, the court ordered a child custody evaluation. After "two chambers conferences between both attorneys and The Honorable David S. Weinberg," the court adopted the evaluator's recommendation giving husband and wife physical custody of the children during alternating weeks.

The court also accepted the evaluator's proposal to limit participation by Christal in the children's extracurricular activities during wife's custodial periods. The order provided, "[B]oth parents shall be permitted to attend any and all of the minor children's school and extracurricular activities at any time, but *other persons* including family members shall attend *only* with the permission of the parent having custody of the children during the time of the event. . . . Due to the leadership roles presently held by Respondent's wife, Christal Dunn, . . . [she] may be present at the extracurricular activities to which she presently holds a leadership position (i.e., Girl Scouts, Tiger Cubs, Awanas) from the present date to the end of the term for these leadership roles, *not to exceed June 2001*." (Italics added.)

Husband objected to the order because Christal ran the Sunday school at their church, acted as a Girl Scout troop leader, and chaired a site committee at the children's elementary school. He was concerned that Christal (who also had children from a previous marriage) would be prevented from herself being involved in church, school and scouting activities simply because wife did not want her there. Husband has appealed from the order on the postjudgment order to show cause.

## II

Husband complains that the court restricted parental participation by his new wife without a formal hearing. "[Husband] twice asked for the right

to participate in the decision on this very aspect. His request wasn't just denied. He wasn't even given the dignity of any response whatsoever. This entire matter took place in chambers."

Informality can only be stretched so far. We have written at length about the importance to litigants of "preserving a process that not only is just, but also appears to be just. In spite of the need for efficiency, courts should not lose sight of the need that parties be given their 'day in court.' " (*Medix Ambulance Service, Inc. v. Superior Court* (2002) 97 Cal.App.4th 109, 112 [118 Cal.Rptr.2d 249].) *Medix* delineated the circumstances in which trial courts are required to hear oral argument on pending motions. Litigants are entitled to oral argument where called for by the context of a statute referring to a "hearing" or where there are "critical pretrial matters" involving a "real and genuine dispute." (*Id.* at p. 114; see also *TJX Companies, Inc. v. Superior Court* (2001) 87 Cal.App.4th 747, 754 [104 Cal.Rptr.2d 810] [order denying attorney-client privilege]; *Titmas v. Superior Court* (2001) 87 Cal.App.4th 738, 741 [104 Cal.Rptr.2d 803] [order involving class action status]; *Mediterranean Construction Co. v. State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257 [77 Cal.Rptr.2d 781] [summary judgment].)

Child custody and visitation orders may be modified based on the "best interests of the child" and, as an adjunct to the best-interest test, in final judicial custody determinations where the moving party also has established a significant change in circumstances. (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 256 [109 Cal.Rptr.2d 575, 27 P.3d 289].) The "overarching concern" remains the best interests of the child. (*Id.* at p. 255.)

The context of postjudgment modification orders appears to contemplate an oral hearing. To reduce acrimony, the statutory scheme articulates a strong preference towards mediated, private resolutions, and so do we. (Fam. Code, § 3170; *Montenegro v. Diaz, supra,* 26 Cal.4th at p. 255.) Where mediation fails, "the court shall set the matter for *hearing* on the unresolved issues." (Fam. Code, § 3185, subd. (a), italics added.) The opposing party must be apprised of the date, time and place of the hearing, sufficiently in advance to appear or otherwise protect his or her interests. (*In re Marriage of Kreiss* (1990) 224 Cal.App.3d 1033, 1038-1039 [274 Cal.Rptr. 226].) In this setting, we specifically have discussed the need for a party to introduce admissible evidence of changed circumstances, and, if necessary, to conduct an "evidentiary hearing" of contested factual issues. (*In re Marriage of Hall, supra,* 81 Cal.App.4th at p. 320, fn. 7.)

Unreported informal chambers proceedings hamper the opportunity for meaningful appellate review. (*In re Marriage of Hall, supra,* 81 Cal.App.4th

at pp. 320-321.) While we have acknowledged the "salutary ends that informal hearings can accomplish in dissolution matters," particularly in defusing incendiary cases, we also have stressed that "at some point—preferably before the parties reach the Court of Appeal—a record must be made. . . . A hearing at which rancor is avoided accomplishes little if the problems between the parties are not resolved in a way that ensures finality, including the possibility of appellate review." (*In re Marriage of Zywiciel* (2000) 83 Cal.App.4th 1078, 1083 [100 Cal.Rptr.2d 242] [reversing spousal support order].)

Wife has not filed a respondent's brief, leaving unchallenged husband's assertions regarding the lack of a hearing on the modification request. Under these circumstances, and given the importance of the associational interests which husband claims were impaired by the postjudgment order, we believe the better course is to remand for a new hearing to consider the pertinent factors concerning both the children and the two families of which they are a part.

### III

This case, as with tragically too many others, involves "parents [who] pursue their animosity toward each other to the detriment of their children." (*In re Marriage of Candiotti* (1995) 34 Cal.App.4th 718, 722 [40 Cal.Rptr.2d 299].) We certainly recognize the importance of ensuring that divorced parents do not disparage one another in the presence of the children, and that their relationships with one another and with the children be structured—by judicial order if necessary—to protect the best interests of the children. (*Ibid.*) But courts also must be sensitive to the freedom of parents to lead their own lives as a family unit.

That is why the *Candiotti* court reversed a temporary protective order which was designed to minimize ongoing animosity between an ex-wife and her ex-husband's new spouse. To prevent a "rumor mill" from harming the children, the family law judge had barred the ex-wife from spreading disparaging comments about the new wife to other adults. Despite these laudable aims, the order went too far in restricting the ex-wife's "right to speak about another adult, outside the presence of the children. Such an order, under these circumstances, constitutes undue prior restraint of speech. It would prevent Debra from talking privately to her family, friends, coworkers, or perfect strangers about her dissatisfaction with her children's living situation." (*In re Marriage of Candiotti, supra,* 34 Cal.App.4th at p. 725.)

We do not predict what ultimately will happen at a new hearing. We hope, as did the *Candiotti* court, that all the adults in this case will "act in a mature

and courteous manner, treating each other with dignity and respect." (*In re Marriage of Candiotti, supra,* 34 Cal.App.4th at p. 726.) Obviously, the interests of the children are best served when the parties are mutually supportive of all parental relationships, so that each custodial setting is a warm, supportive and secure environment. We echo our Legislature's conclusion "that cooperation is more likely to produce a sound resolution than litigation." (*Montenegro v. Diaz, supra,* 26 Cal.4th at p. 257.)

The order is reversed insofar as it restricts the participation of other persons at the children's extracurricular events, and remanded for a new hearing on the issue. In all other respects, the order is affirmed. Costs on appeal are awarded to appellant.

Bedsworth, J., and O'Leary, J., concurred.