Filed 4/17/13  Babakhyi v. Babakhyi CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| MARCEL BABAKHYI,<br><br>        Petitioner and Appellant,<br><br>        v.<br><br>IBTISSAM BABAKHYI,<br><br>        Respondent. | B236721<br><br>(Los Angeles County<br>Super. Ct. No. SD023641) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Elia Weinbach, Judge.  Affirmed.

        Marcel M. Babakhyi, in pro per, for Appellant.

        No appearance for Respondent.

_____

Appellant Marcel Babakhyi (Husband) was married to Ibtissam Babkhyi (Wife). They have two children Deen (born 2001) and Leela (born 2004). Husband filed a petition for dissolution on February 23, 2006. The court awarded joint legal custody to both parents but awarded Wife primary custody of the children. A judgment of dissolution was entered on August 12, 2009.

Husband filed a notice of appeal from both the judgment of dissolution and the court's October 4, 2011 order denying his application for order to show cause for modification of custody and visitation.

*FACTUAL & PROCEDURAL BACKGROUND*

On April 18, 2008, following a trial, the court awarded Wife 60 percent custodial time. Husband was awarded custody during the school year on alternating weekends and from Wednesdays after school until Thursday mornings. Husband was ordered to pay child support and spousal support.

In April 2009, Wife filed a request to move to Morocco with the children. After a hearing on April 23, 2009, the court found that Husband did not meet his burden to show that the move would be detrimental to the children and it granted Wife's request. The order was not entered until August 12, 2009, the same day the judgment of dissolution was entered.

In November 2009, the court ordered that due to Husband's disability, any arrearages of child or spousal support be waived and canceled, and prior orders of spousal and custody support be reduced.

In February 2010, after an ex parte request by Husband, the superior court entered an order informing the Court of Appeals in Marrakech, Morocco, of the judgment of dissolution entered in this case which was still in full force and effect.

On August 13, 2010, Husband filed an ex parte application for an order of contempt against Wife and an order granting him full legal and physical custody of the children. After a hearing was held, the court granted Husband's request for a child abduction prevention order. Wife did not oppose this request, and the court issued an

2

order restricting Wife from moving or taking the children from Los Angeles County but did not find exigent circumstances warranting any other relief.

In November 2010, Wife and the children had apparently moved back to California and Husband filed an ex parte motion to change holiday and weekend custody and a request for sole legal custody. On November 23, 2010, the court denied the ex parte motion and deferred a ruling on the request for sole custody pending a hearing on the contempt motion. A January 5, 2011, minute order states that Husband withdrew his request for Order to Show Cause re Contempt because he could not show proof of its filing.

On March 1, 2011, Husband filed another application for an order to show cause for contempt of court against Wife for her alleged failure to abide by several provisions of the Judgment of Dissolution.

On April 5, 2011, the matter was called for hearing and the court granted Wife's motion to dismiss all allegations.

On June 9, 2011, Husband applied for an order to show cause for a modification of child custody order of April 18, 2008.

The parties were unable to resolve the matter in mediation.

On October 4, 2011, the court held a hearing on the application for order to show cause for modification of custody. Husband explained that he wanted joint physical custody. He reported that he lives three and a half blocks from Wife. He currently picked the children up from school on Wednesdays and had the children sleeping at his house on Wednesday nights. He wanted to keep them Tuesdays through Thursdays. Wife opposed this request.

Wife's counsel also indicated that there was no need for travel restrictions on the children. He reported that Wife had brought the children back from Morocco once she determined she could not find suitable employment there and kept Husband informed of their whereabouts at all times. He represented to the court there was no risk of Wife taking the children.

3

The court found no evidence of a substantial change of circumstances and no showing it would be in the best interest of the children to modify the current parenting plan.

The court denied Husband's request to modify visitation, but modified its prior orders "to not restrict either parent to travel with minor children outside the County of Los Angeles and outside the United States" with certain written notice requirements. It denied Husband's request for shared passports, ordered parties to have equal access to school correspondence and ordered Husband to provide health and dental insurance information to Wife.

*CONTENTIONS ON APPEAL*

Husband filed his opening brief in pro per. He raises several contentions on appeal: (1) Wife knowingly disobeyed the April 2008 order in several respects, (2) he was deprived of a fair hearing on Wife's request for a move to Morocco, (3) Wife deceived the court into believing she was not financially solvent and was spending child support money on her own parents, and (4) it was in the children's best interests to spend equal time with him and that the court abused its discretion in not making the same finding.

Wife did not file a responsive brief.

*DISCUSSION*

*1. Appealability of Morocco move order and judgment of dissolution*

The order allowing Wife to move to Morocco was entered on August 12, 2009, after a hearing which was held on April 23, 2009.

Husband spends the majority of his brief discussing the move to Morocco. However, as of November 2010, Wife was back in California and was not going to move back to Morocco. Accordingly, it would appear that this issue is moot.

In any event, the time for appeal of this order and of the judgment of dissolution has long passed.

An interlocutory order which raises a severable collateral issue in a marital dissolution case is directly appealable from the time of pronouncement. (*In re Marriage*

4

*of Skelley* (1976) 18 Cal.3d 365, 368-369; *In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 736.) If an order is appealable and no timely appeal is taken, the issues determined by the order are res judicata. (*In re Marriage of Gruen* (2011) 191 Cal.App.4th 624, 637-638.) California Rules of Court, rule 8.104 provides that a notice of appeal must be filed 180 days after entry of judgment. Therefore, Husband's notice of appeal is clearly untimely as to the order entered on August 12, 2009.

### 2. *Contempt of court*

Husband also resurrects allegations he raised earlier in his motion for contempt of court, filed in March 2011. All of those allegations were dismissed on April 5, 2011, and thus were not timely appealed. (Cal. Rules of Court, rule 8.104.)

### 3. *Denial of modification of custody orders*

Modification of a final judicial custody determination is appropriate "only if the parent seeking the modification demonstrates 'a significant change of circumstances' indicating that a different custody arrangement would be in the child's best interest. [Citation.] Not only does this serve to protect the weighty interest in stable custody arrangements, but it also fosters judicial economy. [Citation.]" (*In re Marriage of Brown and Yana* (2006) 37 Cal.4th 947, 956.) "The changed circumstances test requires a threshold showing of detriment before a court may modify an existing final custody order that was previously based upon the child's best interest." (*Ragghanti v. Reyes* (2004) 123 Cal.App.4th 989, 996.)

An evidentiary hearing should be held only when necessary. (*In re Marriage of Dunn-Kato & Dunn* (2002) 103 Cal.App.4th 345.) "[A]n evidentiary hearing serves no legitimate purpose or function where the noncustodial parent is unable to make a prima facie showing of detriment in the first instance, or has failed to identify a material but contested factual issue that should be resolved through the taking of oral testimony." (*Brown and Yana*, *supra*, 37 Cal.4th at p. 962.)[1]

---

[1]     Family Code section 217 now provides that, absent a stipulation or a finding of good cause, the court shall receive relevant, competent evidence.

On appeal, custody and visitation orders are reviewed for abuse of discretion. Under this deferential standard, we must uphold the trial court's ruling as correct on any legitimate basis. (*Raggahnti v. Reyes, supra,* 123 Cal.App.4th at pp. 995-996, quoting *Burgess, supra,* 13 Cal.4th at p. 32.)

Here, at the time of the October 2011 hearing, Wife represented there was no planned move.[2] The court granted Husband's request to have Wife inform him of any foreign travel plans. Nor has he produced any factual evidence necessitating a change in the parenting and custody plan since the April 2008 order was entered. We find no cause to reverse the trial court's rulings.

### DISPOSITION

The orders appealed from are affirmed. Husband shall bear his own costs on appeal.

**WOODS, J.**

**We concur:**

**PERLUSS, P.J.**                    **ZELON, J.**

---

[2]    At oral argument, Husband indicated Wife had recently informed him of new travel plans, about which he expressed concern. Because this relates to events after the decision under review, this Court advised Husband that his concerns should be raised with the trial court.