Filed 3/19/14  In re A.H. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| J.M., | |
| Plaintiff and Respondent, | E055783 |
| v. | (Super.Ct.No. TED006074) |
| L.H., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bradley O. Snell, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

L.H., in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

L.H. (Mother) and J.M. (Father) share a daughter, A.H.  In March 2012, the family court ordered, "Father shall have sole legal custody of the child."  Mother contends the family court erred by ordering Father to have sole legal custody of A.H. without conducting an evidentiary hearing.  We affirm the judgment.

1

# PROCEDURAL HISTORY

In September 2005, the family court ordered Mother and Father to have "joint legal and physical child custody." On March 20, 2007, the family court ordered Father to have sole legal and physical custody of A.H.[1]

On January 25, 2012, the family court held a hearing concerning Mother's request to modify the child custody and visitation orders. At the hearing, Mother explained, "I still have 50 percent legal custody, and I still have the primary residence." Mother said, "So there needs to be a trial here because I've been trying to tell the courts for five years that there is a problem here and something has gone wrong." The family court concluded, "The father does have sole physical and legal custody for the child."

On March 15, 2012, the family court held a hearing to settle a dispute regarding the rulings at the January 25 hearing. The court said, "What we're here [for] today is to decide and determine what was actually ordered by this Court on January 25th." Mother again asserted that Father was never given sole legal custody of A.H., so there needed to be a hearing regarding legal custody. In figuring out the specifics of the order adopted on January 25, the family court said, "And I'm writing in father shall have primary custody." Father's attorney said, "Okay. Your Honor, if you look at Section 2A, it says 'The parents shall have joint physical custody. At the last hearing, this Court indicated 'I find the father has sole legal and sole physical custody.' So I would just request that you put that in the mediation recommendation."

---

[1] We take judicial notice of the "Findings and Order After Hearing" filed in the Riverside County Superior Court on March 20, 2007, in case No. TED006074. (Evid. Code, § 452, subd. (d).)

The court responded, "And that is what the Court had previously ordered." Mother asked, "So he just gets full custody and legal custody just based on that? There was never a hearing for him to have that. It just automatically goes to him?" The court responded, "That is what the Court has ordered, ma'am."

## DISCUSSION

Mother contends the family court erred by awarding Father full legal custody of A.H. without conducting an evidentiary hearing. We disagree.

In order to change a legal custody order, there must be "'a persuasive showing of changed circumstances affecting the child.'" (*In re Marriage of McLoren* (1988) 202 Cal.App.3d 108, 112, citing *In re Marriage of Carney* (1979) 24 Cal.3d 725, 730.) The family court must also consider the best interests of the child. (*Id.* at p. 113.) So, the person advocating for the change in legal custody has "the obligation of producing evidence and, based on that evidence, of persuading the court not only that circumstances now warrant[] granting her legal custody but also that the modification was in the child['s] best interests. [Citation.]" (*Id.* at p. 114.) In sum, there needs to be an evidentiary hearing before a court modifies a legal custody order.

In the instant case, Father was given sole legal custody of A.H. on March 20, 2007. Therefore, when the court ordered Father to have sole legal custody of A.H. at the January 25, 2012, hearing, the court was not changing or modifying the legal custody order. The court continued the same order that had been in place since March 2007.

3

Additionally, it appears Mother's argument at the family court was based upon the mistaken idea that sole legal custody had never been awarded to Father. Mother was not asserting changed circumstances required modifying the legal custody order. Rather, Mother was asserting the court haphazardly changed A.H.'s custody status without a hearing. Since Mother was not alleging changed circumstances, there was no need for the family court to conduct an evidentiary hearing. (See *In re Marriage of Dunn-Kato & Dunn* (2002) 103 Cal.App.4th 345, 348 [evidentiary hearings require evidence of changed circumstances].)

In sum, since (1) the family court did not change the legal custody order, and (2) Mother did not raise a changed circumstances argument, there was no need for the family court to conduct an evidentiary hearing. Accordingly, we conclude the family court did not err.

After this court took judicial notice of the 2007 Findings and Order After Hearing, Mother provided supplemental briefing. In the supplemental briefing, Mother asserts the March 2007 Findings and Order After Hearing was prepared by Father's counsel and the legal custody aspect of the document does not accurately reflect the family court's 2007 orders, i.e., the reporter's transcript does not reflect Father was awarded full legal custody. Mother contends she did not learn about the erroneous 2007 Findings and Order After Hearing until it was read aloud at a 2012 hearing. The Findings and Order After Hearing bears a March 20, 2007, file stamp from the family court. Accordingly, if Mother wanted to raise issues relating to the Findings and Order After Hearing, then she needed to do so in 2007. (See Cal. Rules of Court, rule 8.406(a)

4

[60 days to file a notice of appeal].)  In sum, the time for Mother to appeal any alleged errors in the 2007 order has passed.  Therefore, we conclude the family court correctly elected to not conduct an evidentiary hearing in 2012.

### DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER
          J.


We concur:


RAMIREZ
      P. J.


RICHLI
      J.


5